UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LILIA ALVARADO,

              Petitioner,

v.

CAMMILLA WAMSLEY et al.,

              Respondents.

CASE NO. 2:26-cv-01148-DGE

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 19)

Before the Court is Petitioner Lilia Alvarado's motion for reconsideration of the Court's order denying her petition for writ of habeas corpus.  (Dkt. No. 19.)  For the reasons that follow, the Court DENIES Petitioner's motion.

## I      BACKGROUND

The Court refers to Dkt. No. 17 for the full factual and procedural background underlying this Order.  On June 2, 2026, the Court denied Petitioner's petition for writ of habeas corpus, concluding that Petitioner failed to show her entitlement to an individualized bond hearing or that she was otherwise being held contrary to law.  (Dkt. No. 17 at 7.)  The Court acknowledged

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 19) - 1

that while there was no statutory right to a bond hearing under 8 U.S.C. § 1231, the Supreme Court had left open the question as to whether there was a constitutional right to a bond hearing once detention becomes prolonged.  (*Id.* at 4, n. 3.)  However, the Court noted

> [t]hough Petitioner acknowledges this due process challenge in her original reply (*see* Dkt. No. 9 at 6), Petitioner's supplemental briefing does not make any arguments based on [*Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022)], does not suggest a standard that should be applied to the facts of this case, nor identifies how Petitioner's continued detention without a bond hearing violates due process.  The Court, therefore, offers no further analysis.

(*Id.*)

On June 16, 2026, Petitioner filed a motion for reconsideration of the Court's June 2, 2026 Order.  (Dkt. No. 19.)

## II    DISCUSSION

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of manifest error in the prior ruling, or new facts or legal authority which could not have been brought to the attention of the court earlierwith reasonable diligence.  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).  "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Petitioner argues the Court should reconsider its ruling because the Court's June 2, 2026 Order contains "manifest legal error." (Dkt. No. 19 at 1.) Specifically, Petitioner argues the Court erred by declining to analyze Petitioner's constitutional claim regarding prolonged detention without an individualized bond hearing. (*Id.* at 2.) According to Petitioner, "federal courts are not limited to the precise authorities cited by the parties[,]" and, once the issue was raised, "the Court had a duty to determine whether Petitioner's prolonged detention without a neutral hearing comports with due process." (*Id.* at 4.) However, Petitioner implicitly concedes that she did *not* raise this constitutional issue in her supplemental briefing. Petitioner asserts "due process requires the Court to address this constitutional question on the merits" (*id*. at 6) but again fails to provide an analysis of how due process as applied to the facts of this case supports the relief requested. Instead, Petitioner makes conclusory arguments such as, "[o]nce detention becomes prolonged, fundamental due-process principles require meaningful review before a neutral decision maker" or that *Zadvydas v. Davis*, 533 U.S. 678 (2001), "raises serious constitutional concerns and that immigration detention must remain reasonably related to its regulatory purpose." (*Id*.) It is not the Court's role to construct or infer arguments on Petitioner's behalf. And, as the Court noted, Petitioner did not and does not identify or even suggest a standard that should be applied to the facts of this case, nor did she identify how Petitioner's continued detention without a bond hearing violates due process. (*See* Dkt. No. 17 at 4, n. 3; *see also* Dkt. No. 19.)

For the foregoing reasons, Petitioner's motion for reconsideration (Dkt. No. 19) is DENIED. However, the Court notes that Petitioner's petition for writ of habeas corpus was denied without prejudice. Petitioner remains free to file a *new* habeas petition that sufficiently articulates her position on the constitutional question left open in *Arteaga-Martinez*. In any new

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 19) - 3

habeas petition, Petitioner should put forth a proper due process analysis and argument identifying what Petitioner believes should be the standard for the Court to grant relief, identify how that standard applied to the facts of this case prohibits his continued detention without a bond hearing, and include all relevant legal authority.

Dated this 25th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 19) - 4